# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11801 (KBO)<br><br>Jointly Administered |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC *et al.,*<br><br>Plaintiff,<br><br>v.<br><br>HUDSON VALLEY PLASTICS,<br><br>Defendant. | Adv. Proc. No. 25-50139 (KBO) |

## ANSWER TO COMPLAINT

COMES NOW, Hudson Valley Plastics, ("Defendant"), by and through its undersigned counsel, and answers the Complaint of the above-captioned plaintiff ("Plaintiff") as follows:

## NATURE OF THE CASE

1. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 1 are denied.

2. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 2 are denied.

## JURISDICTION AND VENUE

3. Admitted.

4. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 4 are denied.

5. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 5 are denied.

6. Admitted.

7. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 7 are denied.

Defendant consents to the entry of final orders or judgments by this Court.

## THE PARTIES

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

## BACKGROUND

12. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

13. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

14. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

15. Defendant admits that it provided goods to or for the Debtors. Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

## FACTUAL BACKGROUND

16. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

17. Denied, except to admit that Defendant received certain transfers from the Debtors prior to the Petition Date.

18. Defendant admits it received a demand letter from Plaintiff.

19. Denied. Plaintiff's letter lacks sufficient information for Defendant to evaluate its statutory defenses.

20. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied. Defendant denies Plaintiff has met its prima facie burden.

21. Denied.

22. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 21 are denied.

23. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

24. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

25. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

### COUNT I

**Avoidance of Preference
Period Transfers - 11 U.S.C. § 547**

26. Defendant incorporates its responses to paragraphs 1 through 24 above.

27. Denied, except to admit that Defendant received certain transfers from one or more of the Debtors during the Preference Period. Defendant denies any liability to Plaintiff on account of any transfer received from the Debtors.

28. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

29. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

30. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 29 are denied.

31. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 30 are denied.

32. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 31 are denied.

33. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

34. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 33 are denied.

35. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

36. Denied.

## COUNT II –
## Avoidance of Fraudulent
## Transfers- 11 U.S.C. §§ 548(A)(1)(B)

37. Defendant incorporates its responses to paragraphs 1 through 35 above. Admitted that the Plaintiff is entitled to a presumption of insolvency under 11 U.S.C. § 547(f). Defendant is without sufficient information upon which to admit or deny the remainder of the allegations of this paragraph, therefore the allegations are denied.

38. Defendant is without sufficient information upon which to admit or deny the allegations of this paragraph, therefore the allegations are denied.

39. Denied.

## COUNT III
## Recovery of
## Property - 11 U.S.C. § 550

40. Defendant incorporates its responses to paragraphs 1 through 38 above.

41. Denied.

42. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 41 are denied.

43. Denied.

## COUNT IV
## Disallowance
## of Claims 11 U.S.C. § 502

44. Defendant incorporates its responses to paragraphs 1 through 42 above.

45. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 44 are denied.

46. Defendant denies any liability to Plaintiff on account of the Transfers or otherwise.

47. Denied.

## FIRST AFFIRMATIVE DEFENSE

48. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

49. Plaintiff may not recover the alleged preferential payments because the parties intended the transfers to be part of a contemporaneous exchange for new value given to the Debtor and the transfers were, in fact, substantially contemporaneous under 11 U.S.C. § 547(c).

**THIRD AFFIRMATIVE DEFENSE**

50. Some or all payments made by the Debtor to Defendant were made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).

**FOURTH AFFIRMATIVE DEFENSE**

51. To the extent that the Transfers were otherwise avoidable under 11 U.S.C. § 547(b), after such Transfers, Defendant or a creditor to or for whose benefit such Transfers were made, gave new value to or for the benefit of the Debtors (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtors did not make a otherwise unavoidable transfer to or for the benefit of Defendant or such creditor(s).

**FIFTH AFFIRMATIVE DEFENSE**

52. Some or all of the Transfers extinguished Defendant's lien rights thereby depriving Defendant of fully secured status.

**SIXTH AFFIRMATIVE DEFENSE**

53. Any payments that Defendant received cannot be avoided because the Debtors were not insolvent on the date of the alleged transfers and the debtors did not become insolvent as a result of the alleged transfers.

**SEVENTH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

55. Transfers did not represent payment of a debt of the Debtor(s) which made such Transfers.

### NINTH AFFIRMATIVE DEFENSE

56. Any transfer to Defendant was not a transfer of an interest of the Debtors.

### TENTH AFFIRMATIVE DEFENSE

57. Any transfer to Defendant was made to it in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

### ELEVENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are subject to setoff and/or recoupment by Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

59. Defendant gave reasonably equivalent value in exchange for all Transfers.

WHEREFORE, Defendant respectfully requests that this Court deny the relief sought by Plaintiff and enter judgment against Plaintiff and for Defendant, and award Defendant its reasonable attorneys fees, costs and expenses for defending this matter, and such other relief as the Court deems just or equitable.

Dated: May 22, 2025
Wilmington, DE

                                        *s/ Michael J. Joyce*
                                        Michael J. Joyce (No. 4563)
                                        **JOYCE, LLC**
                                        1225 King Street
                                        Suite 800
                                        Wilmington, DE 19801
                                        (302)-388-1944
                                        mjoyce@mjlawoffices.com

                                        *Counsel to Hudson Valley Plastics*